# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GREGORIO FRAGA** | § | |
| *Plaintiff* | § § § | |
| vs. | § § | CIVIL ACTION NO. 5:23-cv-1268 |
| **UNION PACIFIC RAILROAD COMPANY** | § § § § | |
| *Defendant* | § | |

## DEFENDANT UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT:

Union Pacific Railroad Company ("UPRR") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the 454th Judicial District Court of Medina County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and shows the following:

### I.     STATEMENT OF GROUNDS FOR REMOVAL

1.     On June 5, 2023, Plaintiff Gregorio Fraga ("Plaintiff" or "Fraga") filed suit in the 454th Judicial District Court of Medina County, Texas. The action is captioned "Cause No. 230628470CV; *Gregorio Fraga v. Union Pacific Railroad Company*." *See* Ex. C, Plf. Orig. Pet.

2.     UPRR was served with process on September 8, 2023 and timely filed an answer in the state court action on October 2, 2023. *See* Ex. E, Service of Process; Ex. F, Orig. Ans.

3.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

4. UPRR was served with process on September 8, 2023. *See* Ex. E, Service of Process. Less than thirty days have passed since it received notice of this lawsuit, and thus, removal is timely. 28 U.S.C. § 1446(b).

5. Upon filing this Notice of Removal, UPRR provided written notice to Plaintiff and to the clerk of the Medina County District Court as required by 28 U.S.C. § 1446(d).

6. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

>Exhibit A: Civil Cover Sheet and Supplemental Civil Cover Sheet
>
>Exhibit B: Copy of State Court Case Summary
>
>Exhibit C: Plaintiff's Original Petition
>
>Exhibit D: Citation Issued
>
>Exhibit E: Service of Process
>
>Exhibit F: Union Pacific Railroad Company's Original Answer

7. UPRR has fulfilled all procedural requirements for removal.

## III. VENUE

8. This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV. PARTIES

9. Fraga is a citizen and resident of San Antonio, Texas. *See* Ex. C, Plf. Orig. Pet. ¶ 2.

10. UPRR is a Delaware corporation with its principal place of business in Omaha, Nebraska.

## V. JURISDICTIONAL BASIS FOR REMOVAL

**A.   Complete Diversity of the Parties**

11. Federal courts may exercise diversity jurisdiction in civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a)(1). The removal analysis begins with a determination of whether complete diversity exists. *BKL Holdings, Inc. v. Globe Life Inc.*, No. 4:22-CV-00170, 2022 WL 2119116, at *2 (E.D. Tex. June 13, 2022). The removing defendant bears the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

12. The relevant jurisdictional facts are to be judged at the time of removal. *Id.* Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

13. Here, there is complete diversity between the parties as Fraga is a citizen of Texas, and UPRR is a citizen of Delaware and Nebraska. 28 U.S.C. § 1332(c)(1).

**B.   Amount in Controversy Exceeds $75,000**

14. Generally, "[i]f removal of a civil action is sought on the basis of [diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…." 28 U.S.C. § 1446(c)(2). If the amount in controversy is not apparent from the face of the state court petition, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887-88 (5th Cir. 2014). The Court may rely on summary judgment type evidence. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

15. If a defendant shows that on the face of the state court petition or by a preponderance of the evidence the amount in controversy exceeds $75,000, then removal is proper, provided that the plaintiff has not shown to a legal certainty that the claims alleged are for less than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To make such a showing of legal certainty in Texas, a plaintiff must file a binding stipulation or affidavit with her original state petition. *St. Paul Reinsurance*, 134 F.3d at 1254 n.18.

16. Fraga's Original Petition alleges that it seeks damages less than $250,000.00. *See* Ex. C, ¶ 6. While Plaintiff's alleged damages are not sufficient to establish the value of his claims, courts often look to the plaintiff's complaint to "make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

17. Fraga alleges claims of trespass to real property, negligent trespass, and nuisance against UPRR arising out of the closure of a railroad crossing that allegedly connected two of his properties. *See* Ex. C, ¶¶ 11-23. He contends that by closing this crossing, UPRR has deprived him access, caused a reduction in the fair market value, and interfered with his use and enjoyment of his two properties. *See id.*, ¶¶ 10-18.

18. In cases involving injury to real property, the proper measure of damages may include the cost to restore or replace, the loss of use, and/or loss in fair market value caused by the injury. *Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Tex.), L.P.*, 449 S.W.3d 474, 481 (Tex. 2014); *see also, Tex. E. Transmission, LP v. 7 Acres of Land*, No. CV H-16-2498, 2016 WL 6901324, at *5 (S.D. Tex. Nov. 22, 2016) (discussing trespass claims); *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 155 (Tex. 2012) (discussing nuisance claims).

19. Although, UPRR disputes the legitimacy of Fraga's claims, the railroad crossing

complained of was closed in 2018 following execution of a Private Road Crossing Closure and Removal Agreement with the landowners of the properties directly adjacent to the crossing. *See* Ex. G, Private Road Crossing Closure and Removal Agreement. Under that agreement, the landowners were compensated $45,700, being the determined value of their interest in the crossing, for relinquishing all rights to use same. *Id.* Based on this, the reasonable value of Fraga's loss of use damages would be at least $45,700.

20. Additionally, Fraga claims that UPRR's alleged wrongdoing was done intentionally or with malice and thus, constitutes gross negligence for which he seeks to recover exemplary damages under Texas Civil Practices & Remedies Code § 41.003(a). Ex. C, ¶ 25. Under Texas law, the amount of exemplary damages "equals the greater of: (1)(A) two times the amount of economic damages plus (1)(B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000." *See* Tex. Civ. Prac. & Rem. Code § 41.008.

21. Although the total amount of actual damages Fraga seeks to recover against UPRR remains to be determined, the amount in controversy is between $91,400 and $200,000 based on the amount of Fraga's loss of use damages, for which other landowners were paid $45,700, and his request for exemplary damages. *See* Tex. Civ. Prac. & Rem. Code § 41.008; *Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 719–20 (E.D. Tex. 2017) (exemplary damages allowed by state statute are encompassed in the amount in controversy).

22. Instructive here is *Capital Title of Tex., L.L.C. v. JP Morgan Chase Bank, N.A.*, in which plaintiff sought to recover actual damages in the amount of $46,268.87 in addition to exemplary damages, attorney's fees and costs. No. 4:13CV248, 2013 WL 3833274, at *2 (E.D. Tex. July 22, 2013). In determining whether the amount in controversy had been met, the court noted that with the inclusion of exemplary damages, "it [was] facially apparent that Plaintiff's

alleged damages exceed $75,000, and Defendant has met its burden of demonstrating that removal was proper." *Id.*; *see also, Maley v. Design Benefits Plan, Inc.*, 125 F. Supp. 2d 197, 198–200 (E.D. Tex. 2000) (holding that "in view of the claims and types of damages sought," including plaintiff's request for exemplary damages, plaintiff's claims were sufficient to confer federal jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (noting that the compensatory damages or punitive damages alone would "in all likelihood" exceed $75,000) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

23. Accordingly, Fraga's claims exceed the jurisdictional minimum of $75,000.00, and therefore, the exercise of diversity jurisdiction is proper.

## VI. No Waiver

24. By filing this Notice of Removal, UPRR does not waive any defenses which may be available to it specifically including, but not limited to, the right to contest jurisdiction, or to file a motion to dismiss.

25. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Union Pacific Railroad Company hereby removes Cause No. 230628470CV from the 454th Judicial District Court of Medina County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

*/s/ Pamela C. Hicks*
Pamela C. Hicks
TBA No. 24007002
Federal I.D. No. 23061
3555 Timmons Lane, Suite 1000
Houston, Texas 77027
Telephone: (713) 589-2240
Email: phicks@hdwlegal.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY**

**OF COUNSEL:**

Mary D. Borrego
Texas Bar No. 24107709
mborrego@hdwlegal.com
Hicks Davis Wynn, PC
3555 Timmons Lane, Suite 1000
Houston, Texas 77027
Telephone: (713) 589-2240
Facsimile: (713) 277-7220

## CERTIFICATE OF SERVICE

    I hereby certify that on October 6, 2023, a true and correct copy of Defendant Union Pacific Railroad Company's Notice of Removal was served on counsel for Plaintiff via the CM/ECF electronic filing system.

*/s/ Pamela C. Hicks*